**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLA PEDERSON,

Plaintiff - Appellant,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

No. 09-35247

D.C. No. 3:07-cv-01429-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 7, 2010[**]
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

Carla Pederson appeals the judgment of the district court affirming the

Commissioner's final decision that Pederson was not disabled and was not entitled

to disability benefits. We have jurisdiction under 28 U.S.C. § 1291. The district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's decision is reviewed de novo. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). We affirm.

Pederson first argues that the Administrative Law Judge erred by not finding degenerative disc disease to be a "severe impairment" at step 2 of the five-step sequential analysis used to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. This argument is unpersuasive. Pederson was never diagnosed with degenerative disc disease by any doctor. Moreover, the ALJ's step 2 determination made no practical difference because the ALJ did not stop after step 2, as other impairments were found severe. Pederson's limitations were covered by the hypothetical ultimately presented to the vocational expert.

Pederson's second argument, that the ALJ improperly rejected medical source opinions from treating and examining physicians, also fails. The ALJ satisfied the requirement to provide "specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotations omitted). In rejecting the limitations identified by Dr. McKellar, the ALJ noted, among other things, that those limitations had been adopted based on Pederson's subjective and unreliable description, that they were not supported by objective evidence or clinical findings, and that Pederson's own performance during the examination in March 2006, which she desired to conclude

2

quickly, demonstrated her ability to perform at a level above the described limitations. Similarly, the ALJ gave specific and legitimate reasons for not adopting the limitations contained in the medical source statement of Dr. Mims and nurse practitioner Matuk stating Pederson was "not fit for employment of any kind." The ALJ noted that they also reported that Pederson required large doses of medication, yet their clinical notes in February 2006 indicated that Pederson's condition improved when she was off the medication. Further, the limitations appeared tied to their finding that Pederson suffered from anxiety consistent with PTSD, but other examinations by specialists did not support such a diagnosis.

Pederson's third claim, that the ALJ erred in failing explicitly to discuss the lay witness testimony of Pederson's friend, Tiesse Keller, does not warrant reversal. Keller's testimony essentially repeated Pederson's self-imposed limitations and reports of pain. The ALJ found Pederson's subjective complaints not generally credible, a finding Pederson did not challenge on appeal. Keller's testimony did not materially add to Pederson's own statements and did not overcome the lack of credibility. Although the ALJ should have referenced the testimony, the failure to discuss it was harmless because no reasonable ALJ would have reached a different result based on that testimony. *Stout v. Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

3

Pederson's final argument, that the vocational hypothetical was flawed for failing to include all of her perceived impairments, fails because the ALJ may limit a hypothetical to only those restrictions supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (citing *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989)). The additional limitations Pederson sought to include were not supported by substantial evidence.

**AFFIRMED**.